UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMAN SHAHEED,<br><br>             Plaintiff,<br><br>        v.<br><br>USCIS Sacramento Field Office,<br><br>             Defendants. | No.  2:24-cv-0329-TLN-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the undersigned by operation of Local Rule 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will be granted.  Granting IFP status does not end the court's inquiry, however, as the Court is required by Section 1915(e)(2) to screen the complaint and must dismiss an action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The Court concludes that, for screening purposes only, Plaintiff's claims are sufficiently cognizable and directs service.

////

////

////

1

# I. SCREENING

## A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

## B. The Complaint

Plaintiff's complaint names only one defendant, the United States Citizenship & Immigration Services ("USCIS") Sacramento Field Office. ECF No. 1 at 2. Plaintiff alleges federal question jurisdiction based on "Immigration and Nationality." *Id.* at 4. Plaintiff alleges that he passed his naturalization interview in September 2023 and was told he would receive his oath ceremony letter in the mail, but has not received it. *Id.* at 5. He seeks injunctive relief in the form of scheduling his oath ceremony as soon as possible. *Id.* at 6.

## C. Analysis

The Complaint names the local USCIS field office as the defendant in this action, and the Court construes this as a claim against USCIS as an agency. Although Plaintiff has not named an individual defendant, an official capacity claim against an officer of a government agency is, in essence, a claim against the agency itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects, other than name, to be treated as a suit against the entity … the real party in interest is the entity.").

The Complaint alleges as grounds for jurisdiction the Immigration and Nationality Act, and 8 U.S.C. § 1447(b) provides a basis for jurisdiction. Although the allegations of the

Complaint are sparse, Plaintiff alleges he had his interview as part of the naturalization process in September 2023 and that he was told he would receive his oath ceremony letter in the mail, but more than four months had passed without response. Section 1447(b) states that if a determination is not made within 120 days after the examination is conducted, the applicant for naturalization may apply to the United States district court and that the court "has jurisdiction over the matter and may either determine the matter or remand the matter." *See also Hakimi v. Jadou*, 2024 WL 3756169 (E.D. Cal. August 12, 2024) ("When an individual submits an application for naturalization and the USCIS fails to make a determination on that application within 120 days after the agency's interview of the applicant, the applicant may apply to the district court for a hearing on the matter."). Plaintiff's allegation that more than 120 days passed without a determination is sufficient to state a claim against USCIS.

## II. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Service of the Complaint (ECF No. 1) on Defendant United States Citizenship and Immigration Services is appropriate. An agency of the United States may be served as provided in Federal Rule of Civil Procedure 4(i).
3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.
4. The Clerk of the Court shall send Plaintiff the above: one USM-285 form, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.
5. Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:
    a. One completed summons;

      b. One completed USM-285 form;

      c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

      d. One copy of the instant order; and

      e. An appropriate form for consent to trial by a magistrate judge.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: September 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE