1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMAN SHAHEED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>USCIS Sacramento Field Office,<br><br>　　　　　Defendant. | No.  2:24-cv-0329-TLN-SCR<br><br><br>FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the undersigned by operation of Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The complaint and request to proceed in forma pauperis were filed on January 29, 2024.  On September 17, 2024, this Court issued an order screening the complaint pursuant to Section 1915(e)(2), and granting Plaintiff leave to proceed in forma pauperis.  The order further directed Plaintiff to return the necessary documents for completion of service to the United States Marshal and specified the documents that should be provided.  ECF No. 4 at 3-4.  The Court provided a deadline of 15 days and directed Plaintiff to "file a statement with the court that said documents have been submitted to the United States Marshal."  *Id.* at 3.  The order further cautioned that failure to comply "may result in a recommendation that this action be dismissed."  *Id.* at 4.

On November 26, 2024, this Court issued an Order to Show Cause directing Plaintiff to

1

show cause, in writing, within 14 days why the failure to file the required statement that service documents were provided to the United States Marshal should not result in a recommendation that this case be dismissed for failure to prosecute and/or failure to comply with the Court's order. ECF No. 7. The Order warned that if Plaintiff failed to respond the Court would recommend dismissal pursuant to Federal Rule of Civil Procedure 41 and Local Rule 110. More than 14 days have passed, and Plaintiff has not filed a response.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that Defendants have not yet appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal. The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

**IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file

////

////

1 | objections within the specified time may waive the right to appeal the District Court's order.
2 | *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: December 19, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE